UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x
LAWRENCE MATIN,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                                  25-CV-4585 (OEM) (LKE)

        -against-

NEW YORK POLICE DEPARTMENT and NORTH
SHORE TOWERS SECURITY,

                Defendants.
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

ORELIA E. MERCHANT, United States District Judge:

        Plaintiff Lawrence Matin ("Plaintiff") commenced this *pro se* action on August 15, 2025, ECF 1, along with a request for a temporary restraining order, ECF 2, and an application to proceed *in forma pauperis* ("IFP motion"), ECF 3. For the following reasons, the Court grants Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a), dismisses the complaint with leave to file an amended complaint by October 27, 2025, and denies the request for emergency injunctive relief.

## BACKGROUND

        It is difficult to discern the nature of Plaintiff's claims and factual allegations. Plaintiff names the New York City Police Department ("NYPD") and North Shore Tower Security as Defendants and alleges that he was "followed[,] threatened[,] intimidated,[and] terrorized 3-4 weeks ago" after the "police were called by security to terrorize [him] of the apartment." Complaint ("Compl."), ECF 1 at 5. Plaintiff asserts federal question jurisdiction, and where the form complaint asks for the basis for federal question jurisdiction, Plaintiff claims the right to be left alone and protections against unreasonable searches and seizures. *Id.* at 4. However, he does not describe any incidents of search and seizure or any other violation of his constitutional rights. In his request for relief, he seeks unspecified monetary damages and an injunction from "being treated as some kind of bad guy" and "to stop paying unwarranted attention to me." *Id.* at 6.

In a separate request for an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, Plaintiff asks the Court to enjoin Defendants from "any further interference or threat to interfere with my visiting my mother," ECF 3 at 1, and "interference of any kind [with] plaintiff in his life," *Id.* at 2.

## LEGAL STANDARDS

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition to requiring sufficient factual matter to state a plausible claim for relief, a plaintiff must provide a short, plain statement of claim against each defendant named so that the defendant has adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (explaining that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). However, if the Court finds any possibility that "a valid claim might be stated," the Court must give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Moreover, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

Plaintiff claims a "right to be left alone" and "no unreasonable searches or seizures," which the Court liberally construes as stating a claim for civil rights violations pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Thus, a plaintiff must allege that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*,

3

556 U.S. at 676. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). A single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). However, Section 1983 usually does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").

Here, Plaintiff names two defendants in this action: the NYPD, an agency of a municipal entity, the City of New York, and North Shore Towers Security, which appears to be a private entity. Plaintiff does not allege any unconstitutional policy or custom attributable to the NYPD. Nor has he alleged that North Shore Towers Security has acted under color of state law. Moreover, the complaint is devoid of any specific allegations that suggest any violation of his constitutional rights. Accordingly, the claims against the Defendants are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

"Because the Court dismisses the complaint in its entirety, [Plaintiff's] requests for a temporary restraining order and preliminary injunction are denied." *Campos v. Zuntag*, 15-CV-2862 (CBA) (JO), 2015 WL 6972062, at *1 (E.D.N.Y. Nov. 9, 2015).

In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within 30 days. In order to proceed, Plaintiff must name as defendants the individual or individuals

whom he believes to have been personally responsible for the alleged deprivation of his constitutional rights.  To the extent Plaintiff alleges that his civil rights were violated as a result of a specific incident, he must describe the incident, including the date and location and the alleged harm it caused him and identify how each named defendant was involved in each alleged harm.  Any amended complaint must be captioned, "Amended Complaint," and be labeled with Docket Number 25-CV-4585.  Plaintiff is reminded that an amended complaint completely replaces all prior pleadings.

## CONCLUSION

For the foregoing reasons, the action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's request for emergency injunctive relief is denied.

Plaintiff may file an amended complaint as described in this Order within 30 days from the date of this Order.  All further proceedings shall be stayed for 30 days.  If Plaintiff fails to file an amended complaint within 30 days from the date of this Order or fails to assert facts in support of a claim for relief, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

September 24, 2025
Brooklyn, New York